```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| UNIVERSITY OF SOUTH ALABAMA    * | |
| d/b/a UNIVERSITY OF SOUTH      * | |
| ALABANA HOSPITALS,             * | CIVIL ACTION NO.<u>15-00531-KD-B</u> |
|                                * | |
| vs.                            * | |
|                                * | |
| KATIE RENEE KEISACKER, *et al*., * | |
|                                * | |
|     Defendants.                * | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff University of South Alabama's Notice of Voluntary Dismissal of Claim Against Aetna and Motion to Remand (Doc. 2). The motion seeking remand has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR(a)(2)(S). Upon consideration, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **granted**, and this case be **remanded** to the Circuit Court of Mobile County, Alabama.

The University of South Alabama d/b/a University of South Alabama Hospital (hereinafter "USA") filed suit in the Circuit Court of Mobile County against Defendants Katie Renee Keisacker and Aetna Insurance Company in connection with medical services provided by USA to Keisacker. (Doc. 1-1). On October 20, 2015, Aetna filed a Notice of Removal (Doc. 1) and asserted federal

question jurisdiction on the ground that Plaintiff's claim against Aetna was preempted by ERISA. 29 U.S.C. § 1132. (Id.). In response, USA voluntarily dismissed its claim against Aetna pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), and requested that this action be remanded back to state court as the only claim remaining is against Kate Renee Keisacker for monies due for services rendered.

The law is clear that a plaintiff may not by its unilateral act eliminate subject matter jurisdiction that existed at the moment of removal. Behlen v. Merrill Lynch, 311 F. 3d 1087, 1095 (11th Cir. 2002). "However, the removal of all claims over which the Court has original jurisdiction requires the Court to consider whether to retain supplemental jurisdiction over the remaining claims".[1] Gibson v. Mobile County Sheriff's Dept., 2015 U.S. Dist. LEXIS 17874 (S.D. Ala. Feb. 3, 2015)(citing Behlen, 311 F. 3d at 1095).

The Court has jurisdiction over the remaining state law claim against Defendant Keisacker because it falls within the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 (a). While the Court has supplemental jurisdiction,

---

[1] As noted, Aetna removed this action based on federal question jurisdiction. With the voluntary dismissal of Aetna, the remaining parties are not diverse and the amount in controversy is $10,299.89, which is substantially below the threshold required for diversity jurisdiction. (Doc. 1-1).

2

"district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if. . .the district court has dismissed all claims over which it has original jurisdiction. . ." Id. § 1367 (c)(3). The Court has discretion in deciding whether or not to exercise supplemental jurisdiction, and "should take into account concerns of comity, judicial economy, convenience, fairness and the like." Parker v. Scrap Metal Processors, Inc., 468 F. 3d 733, 743 (llth Cir. 2006); Cook ex rel Estate of Tessier v. Sheriff of Monroe County, 402 F.3d 1092, 1123 (llth Cir. 2005)(internal quotes omitted.). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Insurance Co., 370 F.3d 1086, 1089 (llth Cir. 2004). And, the U.S. Supreme Court has also recognized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). This is particularly true when the federal claims "have dropped out of the lawsuit in its early stages." Id. at 350.

In light of this extant law, the undersigned finds that under the circumstances of this case, which is still in the early stage, the Court should exercise its discretion and not retain supplemental jurisdiction over the remaining state law claim in this action. <u>Gibson v. Mobile County Sheriff's Dept</u>., 2015 U.S. Dist. LEXIS 17874 (S.D. Ala. Feb. 3, 2015)(citing <u>Myers v. Cent. Fla. Invs., Inc.</u>, 592 F.3d 1201, 1226 (11th Cir. 2010)). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remanded be **GRANTED**, and that action be remanded to the Circuit Court of Mobile County, Alabama.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.*  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **27th** day of **October, 2015.**

                                      /s/ Sonja F. Bivins
                             **UNITED STATES MAGISTRATE JUDGE**